THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services, Respondent,
v.
Crystal Lynn Long, Randy Lee Cox and John Doe, Defendants,
of whom Randy Lee Cox is Appellant.
In the interest of:
Jordan Lee Cox, DOB 10/7/1999
A Minor Under the Age of 18. 
 
 
 

Appeal From Greenville County
 Timothy L. Brown, Family Court Judge

Unpublished Opinion No.
2006-UP-271
Heard May 11, 2006  Filed June 8, 2006   

AFFIRMED

 
 
 
Amos A. Workman, of Greenville, for Appellant.
Danielle M. Mitchell, of Greenville, for Respondent.
Ann Shipman Miner, of Pickens, for Guardian Ad Litem.
 
 
 

PER CURIAM:  Randy Lee Cox appeals the family courts decision to terminate his parental rights.  We affirm.
FACTS
Jordan Lee Cox, the subject of this termination of parental rights action, was born on October 7, 1999.  His parents, Cox and Crystal Long never married, but maintain an ongoing relationship.  
Pursuant to an order dated August 29, 2002, Jordan was taken into emergency protective care by the South Carolina Department of Social Services (DSS).  Long, the custodial parent, was incarcerated at that time, and Cox and Jordan were living at the home of Coxs father Randy Cox, who had sexually abused Jordans older half-sister.[1]  DSS took custody of Jordan due to the risk of sexual abuse.  
After a merits hearing in October 2002, the family court, by order dated November 21, 2002, continued custody with DSS and incorporated the treatment plan presented by DSS into the order.  After evaluating Cox, DSS had determined that he needed to complete certain goals in order to become a responsible parent.  The plan required Cox to participate in drug and alcohol evaluations, attend mental health counseling, attend parenting classes, submit to random drug screens, and secure appropriate housing for Jordan.   
Cox continued to live at Randy Coxs residence and did not begin services as required by the treatment plan.  On May 27, 2003, DSS filed a contempt action against Cox for failure to comply with the treatment plan.  The family court held Cox in contempt, sentencing him to thirty days in jail, suspended upon immediate compliance with the plan.  In July 2003, DSS brought a Motion to Enforce the sentence, and Cox began participating in the programs outlined in the plan.  Cox was unable to complete the services because his parole (for a previous offense) was revoked for using illegal drugs, and he was returned to prison in December 2003.[2]  Before his incarceration, Cox visited with Jordan and made lump sum child support payments when he was able.  
On October 16, 2003, DSS filed the present termination of parental rights action.[3]  After a hearing, at which Cox was present and testified, the family court, by order dated April 1, 2005, found by clear and convincing evidence that Cox failed to remedy the conditions which caused Jordans removal by failing to complete the treatment plan and by failing to establish secure and appropriate housing due to his continued residence with his father, Randy Cox.  The family court also found Jordan had been in foster care for fifteen of the most recent twenty-two months, and termination of Coxs parental rights was in Jordans best interests.  Cox filed a motion to reconsider, or in the alternative, to amend the judgment.  The family court denied Coxs motion and issued a supplemental order finding it had considered the time-frames of Coxs incarcerations and his conduct when not incarcerated in making the decision to terminate his parental rights.  This appeal followed.    
STANDARD OF REVIEW
In a termination of parental rights case (TPR), the best interests of the children are the paramount consideration.  South Carolina Dept of Soc. Servs v. Smith, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). Grounds for TPR must be proved by clear and convincing evidence.  Hooper v. Rockwell, 334 S.C. 281, 297, 513 S.E.2d 358, 366 (1999).  Furthermore, in a TPR case, the appellate court has jurisdiction to examine the entire record to determine the facts according to its view of the evidence.  Richland County Dept of Soc. Servs. v. Earles, 330 S.C. 24, 32, 496 S.E.2d 864, 868 (1998).  This court may review the record and make its own findings whether clear and convincing evidence supports termination.  South Carolina Dept of Soc. Servs. v. Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  However, our broad scope of review does not require us to disregard the findings below or ignore the fact the trial judge was in a better position to assess the credibility of the witnesses.  Dorchester County Dept of Soc. Servs. v. Miller, 324 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct. App. 1996).

LAW/ANALYSIS
I. Termination of Parental Rights
Cox argues the family court lacked clear and convincing evidence to terminate his parental rights on the ground he failed to remedy the conditions that caused Jordans removal.  We disagree.   
The termination of parental rights is governed by section 20-7-1572 of the South Carolina Code Annotated (Supp. 2005).  Pursuant to that section, parental rights may be terminated upon a showing of one or more enumerated grounds and a finding the termination is in the best interests of the child.  Under section 20-7-1572(2) parental rights may be terminated where: 

(2) The child has been removed from the parent pursuant to Section 20‑7‑610 or Section 20‑7‑736, has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement between the department and the parent, and the parent has not remedied the conditions which caused the removal. 

Jordan was removed pursuant to section 20-7-736 of the South Carolina Code Annotated (Supp. 2005), which provides, in pertinent part:

(B) Upon investigation of a report received under Section 20‑7‑650 or at any time during the delivery of services by the department, the department may petition the family court to remove the child from custody of the parent, guardian, or other person legally responsible for the childs welfare if the department determines by a preponderance of evidence that the child is an abused or neglected child and that the child cannot be safely maintained in the home in that he cannot be protected from unreasonable risk of harm affecting the childs life, physical health, safety, or mental well‑being without removal. 

Cox concedes he failed to complete the treatment plan, but argues his partial compliance and attendance to his relationship with Jordan mitigates his failure to complete the plan.  Specifically, Cox asserts that he provided support for his son, visited with his son, and was working together with Long to build a home.  He argues that his ability to find work was stymied by his prison record, parole, and transportation issues.  He also contends he was not afforded a full and fair opportunity to complete the treatment plan. 
The evidence before us clearly and convincingly demonstrates that Cox failed to remove the impediment to his regaining custody of Jordan.  Cox did not begin to participate in the treatment plan until he was held in contempt, and he failed to successfully complete the treatment plan. The plan also obligated Cox to secure an appropriate residence for Jordan, but Cox continued to reside with his father, Randy Cox, where Jordan was at risk for sexual abuse.  Although Cox testified he and Long were trying to build a home for Jordan, no evidence was presented that Cox and Long were actively working toward this goal.  Accordingly, we agree with the family court that Cox failed to remedy the conditions that caused Jordans removal.
The family court also found that clear and convincing evidence existed for terminating Coxs rights on the ground that [t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty‑two months. S.C. Code Ann. § 20-7-1572(8) (Supp. 2005).  Cox does not argue the family court erred in terminating his rights on this ground; therefore, he has abandoned this issue in appeal.  See State v. Hiott, 276 S.C. 72, 86, 276 S.E.2d 163, 170 (1981); Rule 208(b)(1)(B), (D), SCACR (issue not argued in brief is deemed abandoned and precludes consideration on appeal).  We note that this ground alone is sufficient to support a termination of parental rights.  S.C. Dept of Soc. Servs. v. Sims, 359 S.C. 601, 608, 598 S.E.2d 303, 307 (Ct. App. 2004).   
B.  Incarceration
Cox argues the family court erred in not properly weighing his incarceration and the incidents of his incarceration in terminating his parental rights.  Specifically, Cox contends that his incarceration limited his ability to complete the treatment plan.  We disagree.   
Cox cites S.C. Dept of Soc. Servs. v. Wilson, 344 S.C. 332, 543 S.E.2d 580 (Ct. App. 2001) in support of his position that the trial court did not give sufficient weight to the hardships caused by his incarceration.  In Wilson, we held the voluntary pursuit of lawless behavior is one factor which may be considered when determining whether to terminate the parental rights of an incarcerated parent, but it generally is not determinative.  344 S.C. at 337, 543 S.E.2d at 583.  We also held that the analysis required to determine whether a parent who has been or is currently incarcerated foregoes parental duties requires a comprehensive analysis of all the facts and circumstances beyond the criminal act and its natural circumstances, including the nature of the parent-child relationship during the times the parent was not incarcerated.  Id. at 339, 543 S.E.2d at 584 (citing Hamby v. Hamby, 264 S.C. 614, 216 S.E.2d 536 (1975)).  
Here, the family court did not terminate Coxs parental rights based on his incarceration.  After careful consideration of how Coxs incarceration affected his ability to remedy the conditions which required removal, the family court found the ground for termination existed apart from fathers incarceration.  Although Cox was in prison at the time his parental rights were terminated, he had a period of approximately fifteen months of freedom after Jordan was taken into custody in which he did not complete the treatment plan or find suitable housing for Jordan.  Cox took advantage of some of the services offered by the treatment plan, but he did not begin any portion of the plan until more than a year after he was ordered to do so and after he was threatened with jail time for contempt.  Cox cannot complain that he was not given the opportunity to complete the treatment plan because his parole was revoked, when he had ample time to complete the treatment plan before he was re-incarcerated.  Moreover, section 20-7-1572(2) only requires a showing that the child remained out of the home for a period of six months following the adoption of a placement plan to terminate on the ground that the parent has not remedied the conditions which caused the removal.  DSS did not file the TPR action prematurely as Cox asserts, but gave him more time than is statutorily required to remedy the conditions that caused removal.   
C.    Best Interests 
Cox argues the family court erred in finding TPR is in Jordans best interests.  We disagree.  
After finding one of the grounds for termination exists, section 20-7-1572 of the South Carolina Code Annotated (Supp. 2005) requires a determination that the termination is in the best interest of the child.  (The family court may order the termination of parental rights upon a finding of one or more of the following grounds and a finding that termination is in the best interest of the child. . .).  In a termination of parental rights case, the best interests of the child is the paramount consideration.  South Carolina Dept of Soc. Servs. v. Parker, 336 S.C. 248, 258, 519 S.E.2d 351, 356 (Ct. App. 1999).  Termination of parental rights statutes must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent-child relationship.  The interests of the child shall prevail if the childs interest and the parental interest conflicts. S.C. Code Ann. § 20-7-1578 (Supp.  2005). The purpose of the termination of parental rights statute is as follows:

[T]o establish procedures for the reasonable and compassionate termination of parental rights where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption by persons who will provide a suitable home environment and the love and care necessary for a happy, healthful, and productive life.   

S.C. Code Ann. § 20-7-1560 (Supp. 2005)
We agree with the family courts finding the termination of Coxs parental rights is in Jordans best interests.  Jordan has spent more than twenty months in foster care, and it would be in his best interest to be free for adoption, which would end his involvement in the foster care system and provide a stable family.  Moreover, Cox has proven unable to provide a secure and adequate environment for rearing a child.  See S.C. Dept of Soc. Servs. v. Cochran, 364 S.C. 621, 632, 614 S.E.2d 642, 648 (2005) (stating the fundamental purpose of terminating parental rights is to provide the greatest possible protection for a child whose parents are unwilling or unable to provide adequate care for the physical and emotional needs of the child).  Accordingly, the order terminating Coxs parental rights is 
AFFIRMED.
KITTREDGE, SHORT, and WILLIAMS, JJ., concur.

[1] Cox previously had been incarcerated from May 16, 2001 until July 15, 2002.  
[2]  Coxs prison sentence ended in July 2005.  
[3] SCDSS filed the action against both Cox and Long, and the family court terminated both parents parental rights after a joint hearing; however, Cox is the sole appellant.